## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TOPCON POSITIONING SYSTEMS, INC. <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Court No. 14-00189 <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Topcon Positioning Systems, Inc. ("Topcon"), by its undersigned counsel, hereby alleges as follows:

## CAUSE OF ACTION

1. This action is commenced to challenge the classification, under the Harmonized Tariff Schedule of the United States ("HTSUS"), of certain imported surveying instruments, and their parts and accessories (the "subject merchandise").

## JURISDICTION

2. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(a). Topcon timely filed protests against the classification of the subject merchandise, which United States Customs and Border Protection ("CBP") denied. This action was timely commenced pursuant to 19 U.S.C. § 1514(a) and 28 U.S.C. § 2636(a) by the filing of a summons on August 5, 2014, within 180 days from the date of denial of Topcon's protests. The Summons covers eight protests filed at the following ports of entry: Chicago, Illinois; Kansas City, Missouri; and San Francisco, California.

Court No. 14-00189

3. All liquidated duties in connection with the entries identified in the protests have been paid.

4. This Complaint is timely filed because it was moved to the Customs Case Management Calendar on October 23, 2017, upon the amendment of Rule 83 of the Rules of this Court. Motions to extend this action's time on the Customs Case Management Calendar were twice granted. This Complaint is being filed within 48 months of this action being added to the Customs Case Management Calendar, and before the October 23, 2021, deadline indicated in the Court's most recent order extending this action's time on the Customs Case Management Calendar.

## STANDING

5. Topcon is a corporation headquartered in Livermore, California. Topcon is the importer of record of each of the entries that are the subject of this action and is the real party in interest. Topcon has standing to file this Complaint pursuant to 28 U.S.C. § 2631(a) because Topcon was the party that filed the protests that are subject to this action.

## STATEMENT OF FACTS

6. Topcon's core business is founded on the surveying instruments it has manufactured since its founding in 1932. Topcon is a world leader in the development of positioning technology, which is used in a broad range of tools and equipment for surveyors, civil engineers, construction contractors, geodists, cartographers, and governments. These tools and equipment include levels (including automatic, digital, and laser levels), theodolites, total stations, GPS receivers, and machine control systems, which are all complex, finely tuned instruments for precision measurement. These products are used during initial survey and

Court No. 14-00189

throughout the process of constructing roads, buildings, bridges, tunnels, shopping centers, airports, and other large-scale construction projects.

7. This action contests the classification in liquidation by CBP of certain surveying instruments, and their parts and accessories, imported by Topcon.

8. The surveying instruments imported by Topcon consist of various models of rotating and fixed beam utility (pipe) laser levels. These levels utilize electrical components. Rotating laser level models that were subject to the protests at issue include the PZL-1A, RL-100 1S, RL-100 2S, RL-H3D TAURUS, RL-H4C, RL-VH4DR, RL-VH4G2, RL-SV2S, and others identified in the protests listed on Topcon's Summons. Fixed beam utility (pipe) laser level ("pipe laser") models that were subject to the protests at issue include the TP-L4B, TP-L4BG, TP-L4GV, and others identified in the protests listed on Topcon's Summons.

9. Topcon entered the rotating laser levels and pipe lasers as surveying instruments under subheading 9015.30.4000, HTSUS, which provides for: "Surveying (including photogrammetrical surveying), hydrographic, oceanographic, hydrological, meteorological or geophysical instruments and appliances, excluding compasses; rangefinders; parts and accessories thereof: Levels: Electrical."[1] The general rate of duty applicable to the articles classified under subheading 9015.30.4000, HTSUS, at the time of entry was *Free*.

10. Parts and accessories of the rotating laser levels and pipe lasers include, but are not limited to: level sensors used with rotating laser levels to sense laser beams to determine height, or with machine control systems to determine grade; holders that mount the level sensors

---

[1] As noted on the Summons, the entries occurred between September 2011 and December 2013. The relevant language quoted above and in paragraphs 11, 13, and 14, *infra*, did not change between the 2011 and 2013 HTSUS, Basic Edition.

to the grade rod or other surface for targeting; trivet handles that facilitate the set-up of pipe lasers in various positions and the expansion of slope ranges; targets and target holders that capture the laser beams from the pipe lasers; and individual legs for the pipe lasers.

11.     Topcon entered the parts and accessories of these surveying instruments under subheading 9015.90.0030, HTSUS, which provides for: "Surveying … instruments and appliances; … parts and accessories thereof: Parts and Accessories: Of Levels."[2]  The general rate of duty applicable to the articles classified under subheading 9015.90.0030, HTSUS, at the time of entry was *Free* ("The rate applicable to the article of which it is a part or accessory").

12.     CBP liquidated the entries subject to this action between December 23, 2011, and January 31, 2014.

13.     Upon liquidation, CBP reclassified Topcon's surveying instruments under subheading 9031.49.9000, HTSUS, which provides for: "Measuring or checking instruments, appliances and machines, not specified or included elsewhere in the chapter; profile projectors; parts and accessories thereof: Other optical instruments and appliances: Other: Other."  The general rate of duty applicable to the articles classified under subheading 9031.49.9000, HTSUS, at the time of entry was 3.5% *ad valorem*.

14.     Upon liquidation, CBP reclassified the parts and accessories of Topcon's surveying instruments under subheading 9031.90.5800, HTSUS, which provides for: "Measuring or checking instruments, appliances and machines, not specified or included elsewhere in the chapter; … parts and accessories thereof: Parts and accessories: Of other optical instruments and

---

[2] The current HTSUS subheading covering such parts and accessories is 9015.90.0130, which has the same description previously associated with HTSUS subheading 9015.90.0030.

4.

appliances, other than test benches: Other."[3]  The general rate of duty applicable to the articles classified under subheading 9031.90.5800, HTSUS, at the time of reclassification was 3.5% *ad valorem*.

15. Topcon timely protested CBP's reclassification of the subject merchandise, and requested that the Port of Chicago request Internal Advice from CBP Headquarters concerning the classification of the merchandise.

16. In its protest, Topcon submitted factual information demonstrating that the principal use of its surveying instruments is the type of surveying provided for in heading 9015, HTSUS, based upon Additional U.S. Rule of Interpretation ("ARI") 1(a) and the criteria established in *United States v. Carborundum Co.*, 536 F.2d 373, 377 (C.C.P.A. 1976), *cert. denied*, 429 U.S. 979 (1976). Topcon provided information to CBP, including on:

    (a) the physical characteristics of its surveying instruments (information establishing that the instruments are ruggedized and waterproof, withstand vibrations for use on/near highways, railways and bridges, have infrared beams that extend up to 2,600 feet, and are used mounted on tripods);

    (b) the expectations of purchasers of Topcon's surveying instruments (establishing that purchasers of surveying instruments imported by Topcon expect that those instruments will have a high degree of accuracy and precision for large scale surveying and civil engineering projects);

---

[3] The current HTSUS subheading covering such parts and accessories is 9031.90.5900, which has the same description previously associated with HTSUS subheading 9031.90.5800.

(c) the channels of trade and environment in which Topcon's surveying instruments are sold (marketing materials and information establishing that Topcon's surveying instruments are sold by distributors that specialize in surveying instruments for professional surveyors and civil engineers, and that Topcon's surveying instruments are marketed toward professional surveyors and civil engineers); and

(d) the usage of the surveying instruments (information establishing that Topcon's surveying instruments are used by professional surveyors and civil engineers, and for large-scale public works construction projects to determine grading through differential leveling with a surveyor's rod; to stake and re-stake for cut-and-fill plans on large-scale construction projects; as a component in automatic machine control systems for real-time grading readings; and to control grading for the aligning and laying of utility pipes, all of which involve the taking of horizontal and vertical measurements on or near the Earth's surface to determine (map) the locations of natural or artificially established points, lines, planes, and volumes).

17. Topcon also explained that the World Customs Organization Explanatory Notes ("ENs") to heading 9013, which covers lasers, indicate that pipe lasers used to align pipe installation are classified under heading 9015, and that the ENs to heading 9015 similarly provide that surveying instruments of the type imported by Topcon are classified under heading 9015.

18. On June 18, 2014, CBP responded to Topcon's request for Internal Advice by issuing Headquarters Ruling Letter ("HQ") H218087, which held that Topcon's rotating laser levels and pipe lasers were classified under subheading 9031.49.90, HTSUS, as "Other Measuring and Checking Instruments." CBP classified Topcon's surveying instruments under

Court No. 14-00189

heading 9031 by application of General Rule of Interpretation ("GRI") 1.  CBP found the Topcon laser levels' principal use was in large construction projects, notwithstanding the information provided by Topcon that surveying applications include large-scale construction projects.  CBP's finding was premised on its determination that surveying instruments under heading 9015, HTSUS, must be able to perform all aspects of surveying *i.e.*, take linear *and* angular measurements to which the principles of geometry *and* trigonometry would be applied, and its conclusion that Topcon's surveying instruments do not perform *all* aspects of a survey (measure distance, direction, and elevation).

19.   CBP's finding is contradicted by the HTSUS and information provided by Topcon.

20.   Under GRI 3(a), "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description" when classifying merchandise. HTSUS heading 9015 specifically includes "[s]urveying (including photogrammetrical surveying), hydrographic, hydrological, meteorological or geophysical instruments and appliances, excluding compasses, rangefinders; parts and accessories thereof."  Under HTSUS heading 9015, the Explanatory Note further defines the "surveying" portion as instruments that are "generally intended for use in the field, for example, in cartography (land or hydrographic maps); in the preparation of plans; for triangulation measurements; for calculating the area of a piece of land; **in determining heights above or below some horizontal reference level; and for all similar measurements in constructional work in mining, in military operations, etc.**" *See* EN 9015 (emphasis added).

21.   CBP reclassified the surveying instruments and the parts and accessories under HTSUS heading 9031, a general basket provision which includes "Measuring or checking

7.

instruments, appliances and machines, not specified or included elsewhere in this chapter; profile projectors; parts and accessories thereof." However, the information provided by Topcon establishes that the subject surveying instruments, parts, and accessories are covered by the more specific provision—HTSUS heading 9015. Thus, CBP should have found that they are not properly classified under the basket provision in HTSUS heading 9031.

## **COUNT I**

22. Paragraphs 1 through 21 are incorporated by reference as though fully set forth herein.

23. Pursuant to GRI 1 and 3(a), and ARI 1(a), Topcon's rotating laser levels must be classified according to their principal use and in the heading which provides the most specific description. The facts relating to the *Carborundum* factors, which constitute the test used to determine principal use, establish that Topcon's rotating laser levels are surveying instruments as that term is used in heading 9015.

24. Moreover, the ENs to heading 9015 recognize that surveying instruments such as laser levels used in large-scale construction applications are classified under heading 9015, which is more specific than the general basket provision of heading 9031, HTSUS.

25. CBP erroneously and unlawfully classified Topcon's rotating laser levels in heading 9031 by not analyzing the principal use of Topcon's laser levels and by defining surveying in a manner inconsistent with the HTSUS. CBP erroneously ignored evidence demonstrating that professional surveyors use Topcon's laser levels as surveying instruments on large construction projects. CBP also erred when it failed to take into account the ENs to heading 9015 when classifying Topcon's rotating laser levels in heading 9031.

## COUNT II

26. Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27. Pursuant to GRI 1 and 3, and ARI 1(a), Topcon's pipe lasers must be classified according to their principal use and in the heading which provides the most specific description. The facts relating to the *Carborundum* factors, which constitute the test used to determine principal use, establish that Topcon's pipe lasers are surveying instruments as that term is used in heading 9015.

28. Moreover, the World Customs Organization recognizes pipe lasers as surveying instruments and in its Explanatory Notes to heading 9013, which covers lasers, explains that pipe lasers used to align pipe installation are classified under heading 9015, which is more specific than the general basket provision of heading 9031, HTSUS.

29. CBP erroneously and unlawfully classified Topcon's pipe lasers in heading 9031 by not analyzing the principal use of Topcon's pipe lasers and by defining surveying in a manner inconsistent with the HTSUS. CBP also erred when it failed to take into account the ENs' express inclusion of pipe lasers under heading 9015 when classifying Topcon's pipe lasers in heading 9031.

## COUNT III

30. Paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

31. Because Topcon's surveying instruments are properly classified under heading 9015, the parts and accessories of those surveying instruments must also be classified under heading 9015. Therefore, CBP erroneously and unlawfully classified the parts and accessories of

Topcon's rotating laser levels and pipe lasers based on CBP's incorrect classification of Topcon's surveying instruments.

### **REQUEST FOR RELIEF**

WHEREFORE, Topcon respectfully requests that this Court:

(1) enter judgment in its favor sustaining its protests;

(2) declare that Topcon's rotating laser levels and pipe lasers are properly classified under subheading 9015.30.4000, HTSUS;

(3) declare that the parts and accessories of Topcon's rotating laser levels and pipe lasers are classified under subheading 9015.90.0030, HTSUS;

(4) direct CBP to reliquidate the entries covered by this action;

(5) order CBP to refund all duties paid by Topcon as a result of CBP's erroneous and unlawful classification of the merchandise in HTSUS subheadings 9031.49.9000 and 9031.90.5800, together with interest as provided by law;

(6) award Topcon their costs and reasonable attorney fees; and

(7) grant such other and further relief as it may deem just and proper.

\* \* \*

Court No. 14-00189

Respectfully Submitted,

/s/ Myles S. Getlan

Myles S. Getlan
Jonathan M. Zielinski
James E. Ransdell
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW – Suite 400
Washington DC 20006
Telephone: (202) 567-2304
mgetlan@cassidylevy.com

Kay C. Georgi
Angela M. Santos
Leah N. Scarpelli
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20036
Telephone: (202) 857-6000
angela.santos@arentfox.com

*Counsel for Topcon Positioning Systems, Inc.*

Date: September 29, 2021